Arnold M. Willig
Elizabeth H. Shea
Charles L. Butler, III
HACKER & WILLIG, INC., P.S.
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

The Honorable Karen A. Overstreet
Chapter 11

Hearing Date: December 6, 2013
Hearing Time: 9:30am
Location: Courtroom 7206
Response Date: **November 27, 2013**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| In re: | No. 13-19298-KAO |
|---|---|
| NATURAL MOLECULAR TESTING CORPORATION, | **MOTION FOR ORDER AUTHORIZING THE EXTENSION OF STAY AS TO THE OFFICERS OF THE DEBTOR** |
| Debtor. | |

Natural Molecular Testing Corporation, debtor-in-possession herein (the "Debtor" or "Natural Molecular"), by and through counsel, HACKER & WILLIG, INC., P.S., respectfully moves the Court for an order authorizing the extension of the automatic stay to any action against the Debtor's officers and principals for a period of no less than 180 days following the filing of the petition herein. This Motion is based upon the files and records herein and upon the supporting Declaration of Keith Tyacke ("Tyacke Decl."), filed concurrently herewith.

## I. BACKGROUND INFORMATION

The Debtor commenced this Chapter 11 case on October 21, 2013 (the "Petition Date"). The Debtor is operating its business and managing its affairs as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108. *See*, Tyacke Decl., ¶ 3. A summary of the

MOTION FOR ORDER AUTHORIZING
EXTENSION OF STAY TO OFFICERS OF DEBTOR - 1

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 13-19298-KAO    Doc 32    Filed 11/08/13    Ent. 11/08/13 16:46:04    Pg. 1 of 7

Debtor's operations and the events leading to this Chapter 11 are set forth in the prior-filed Declaration of Keith Tyacke dated October 22, 2013 [Dkt. #7].

The Debtor is currently defending the following lawsuits:

a. <u>Roger Rodkey d/b/a Genetic Pathways v. Natural Molecular Testing Corporation and Beau Fessenden</u>
   14th Judicial District Court
   Dallas County, Texas
   Cause No. DC-13-09624

b. <u>HDSherer, LLC and Hugh Duncan Sherer v. Natural Molecular Testing Corporation</u>
   United States District Court for the District of South Carolina
   Civil Action No. 2:13-cv-00561-PMD

c. <u>Clinical Micro Sensors, Inc. (GenMark) v. Natural Molecular Testing Corporation and Beau Fessenden</u>
   United States District Court for the Southern District of California
   Civil Action No. 12CV02366-DMS-RBB

d. <u>Cherian, LLC v. Natural Molecular Testing Corp</u>
   17th Judicial Circuit Court, Broward County, FL
   Case No. CACE13020501

e. <u>Genopath Solutions, LLC v. Natural Molecular Testing Corporation</u>
   United States District Court for Northern District of Alabama, Northern Division
   Case No. 5:13-cv-01896-JEO

f. <u>Pharmacogenomics Testing, LLC and South Texas Spinal Clinic, P.A. v. Natural Molecular Testing Corporation</u>
   45th Judicial District Court, Bexar County, San Antonio, Texas
   Case No. 2013-CI-16069

g. <u>A. B. Williams, Inc., v. Natural Molecular Testing Corporation</u>
   United States District Court for the Southern District of Mississippi, Hattiesburg Division
   Case No. 2:13-cv-00222-KS-MTP

///

MOTION FOR ORDER AUTHORIZING
EXTENSION OF STAY TO OFFICERS OF DEBTOR - 2

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 13-19298-KAO    Doc 32    Filed 11/08/13    Ent. 11/08/13 16:46:04    Pg. 2 of 7

Two of the existing lawsuits name both the Debtor and its President Beau Fessenden as defendants. First, in the *Genetic Pathways* litigation pending in the 14th Judicial District Court, Dallas County, Texas, the Debtor and Mr. Fessenden are being sued for alleged breach of contract, an accounting of amounts allegedly owed to certain former sales representatives of the Debtor, tortious interference, conversion, unjust enrichment, violations of the Texas Theft Liability Act, Exemplary Damages, and attorneys' fees and costs. Additionally, Mr. Fessenden is being sued for slander and libel. *See*, Tyacke Decl., ¶ 4. With the exception of the claims for slander and libel, which appear to form a minor part of the existing litigation, all claims are joint and are derived from the operation of the Debtor's business. Defense of the claims, which the Debtor disputes, will, of necessity, require participation of the Debtor. Allowing claims to move forward against Mr. Fessenden will essentially and effectively lift the stay with respect to the Debtor as well.

In the *GenMark* litigation, the Debtor and Mr. Fessenden are being sued for alleged breach of contract; violations of Unfair Competition Law, Business and Professions Code; Conversion; Goods Sold and Received; and Quantum Meruit. *See*, Tyacke Decl., ¶ 5. All claims relate to or are derived from the operation of the Debtor's business. As described above, all such claims are derivative, and for any defendant to proceed on any claim against Mr. Fessenden, that defendant would first need to prevail on such against the Debtor.

Without regard to the merits of the lawsuits pending against the Debtor and/or Mr. Fessenden, if Mr. Fessenden is forced to defend these lawsuits, and any others filed, during the course of the bankruptcy proceeding, his attention will be drawn away from the necessary task of preparing, leading, and seeing through the Debtor's reorganization efforts, which is, as the below case law demonstrates, valuable to the public interest. *See*, Tyacke Decl., ¶ 6. Likewise, because the claims relate primarily or exclusively to the Debtor's business and operations defending such claims as to Mr. Fessenden will require the participation of the Debtor.

Therefore, all above-referenced lawsuits should be stayed by the Debtor's filing herein,

MOTION FOR ORDER AUTHORIZING
EXTENSION OF STAY TO OFFICERS OF DEBTOR - 3

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 13-19298-KAO    Doc 32    Filed 11/08/13    Ent. 11/08/13 16:46:04    Pg. 3 of 7

and further action against Mr. Fessenden or other of the Debtor's principals should similarly be stayed for a period of 180 days following the Petition Date, with extension of such stay as to the Debtor's principals beyond this initial period by order of the Court.

## II. LEGAL AUTHORITY & ARGUMENT

Regarding the powers of the Bankruptcy Court, 11 U.S.C. § 105(a) provides as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

*See*, 11 U.S.C. § 105(a) (West 2013 ed.).

A temporary extension of the automatic stay to the Debtor's officers is necessary and appropriate to carry out the provisions of this Chapter 11 case, which extension of the stay should apply to all matters referenced under 11 U.S.C. § 362(a)(1)-(8). A court may invoke § 105(a) "if the equitable remedy [of extension of the stay] itself is demonstrably necessary to preserve a right elsewhere provided in the Code." *In re Nosek*, 544 F. 3d 34, 43 (1st Cir. 2008) (citations omitted). *Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1093-1095 (9th Cir. 2007). *See also*, *Canter v. Canter (In re Canter)*, 299 F.3d 1150, 1155 (9th Cir. 2002); *Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987). In addition, "[a] bankruptcy court may use its equitable powers to issue injunctive relief against proceedings in other courts when the bankruptcy court is satisfied that such proceeding would either defeat or impair its jurisdiction with respect to a case pending before it." *In re: Johns-Manville Corp.,* 26 B.R. 420, 425 (Bankr. S.D.N.Y. 1983).

Courts look to four standard factors a movant must satisfy to obtain injunctive relief under 11 U.S.C. § 105(a): (1) that the debtor would suffer irreparable injury if the injunction were not granted; (2) that such injury outweighs any harm which granting injunctive relief

MOTION FOR ORDER AUTHORIZING
EXTENSION OF STAY TO OFFICERS OF DEBTOR - 4

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 13-19298-KAO    Doc 32    Filed 11/08/13    Ent. 11/08/13 16:46:04    Pg. 4 of 7

would inflict on a defendant; (3) that the debtor has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction. *See*, *Solidus Networks*, above. *See*, *In re Codfish*, 97 B.R. 132, 135 (Bankr. D.P.R. 1998), citing, *In re Supermercado Gamboa, Inc.*, 68 B.R. 230, 232 (Bankr. D.P.R. 1986); *In re R&G Fin. Corp.*, 441 B.R. 401, 410 (Bankr. D.P.R. 2010).

Here, irreparable harm or injury will be sustained to the Debtor's reorganization efforts if the continuation of proceedings against Mr. Fessenden, individually, are not stayed. First, Mr. Fessenden's time and energy would be distracted both from continuing, repairing, and growing the Debtor's daily business affairs; and from undertaking the time and dedication necessary to progress the Debtor toward a confirmable plan of reorganization. The initial 180-day period would go a long way to accomplishing same. Mr. Fessenden founded Natural Molecular in 2008 and has been involved in the daily affairs of the corporation since that time. Mr. Fessenden guides all aspects of the corporation as its President and CEO, has done so since its inception, and will continue to do so throughout the course of the confirmed Chapter 11 plan. *See*, Tyacke Decl., ¶ 7.

The "likelihood of success" factor has been defined, for purposes of an injunction in a bankruptcy case, as the probability of a successful plan of reorganization. *See*, *First Bank P.R. Inc. v. Foti (In re Int'l Home Prods.)*, 491 B.R. 607, 624-627 (Bankr. D.P.R. 2013). Here, without the dedicated effort of Mr. Fessenden, the probability of a successful plan of reorganization is relatively low. *See*, *Johns-Manville*, 26 B.R. at 426 (in which the bankruptcy court issued a temporary stay of litigation brought against the debtor's officers, directors, and employees, noting that "[t]he massive drain on these numerous individuals' time and energy at this crucial hour of plan formulation in either defending themselves or in responding to discovery requests could frustrate if not doom their vital efforts at formulating a fair and equitable plan of reorganization").

The Debtor intends to identify the problems that precipitated its present financial

MOTION FOR ORDER AUTHORIZING
EXTENSION OF STAY TO OFFICERS OF DEBTOR - 5

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 13-19298-KAO    Doc 32    Filed 11/08/13    Ent. 11/08/13 16:46:04    Pg. 5 of 7

difficulties and has already spent substantial time in an attempt to restructure same, which will be redirected into its eventual proposed plan and reorganization. The implementation of a plan will require the expenditure of substantial time, energy, and funding by Mr. Fessenden. *See*, Tyacke Decl., ¶ 8.

Defense of the claims asserted against the Debtor and Mr. Fessenden, which the Debtor and Mr. Fessenden dispute, will, of necessity, require participation of the Debtor. Allowing claims to move forward against Mr. Fessenden will essentially and effectively lift the stay with respect to the Debtor as well. Most importantly, all such claims are derivative, and for any defendant to proceed on any claim against Mr. Fessenden, that defendant would first need to prevail on such against the Debtor.

Also, the public interest is best served by promoting a successful reorganization in bankruptcy. *See*, *Lazarus Burman Assocs. v. National Westminster Bank USA (In re Lazarus Burman Assocs.)*, 161 B.R. 891, 901 (Bankr. E.D.N.Y. 1993).

Additionally, if the lawsuits against the Debtor and Mr. Fessenden are allowed to proceed, Mr. Fessenden and numerous other members of his staff will have to take time out of their schedules to continue the Debtor's valuable daily business operation to respond to the needless demands of the lawsuits. Mr. Fessenden and his employees will also effectively take on the role of defending the Debtor as most causes of action raised in the *Genetic Pathways* litigation and in the *GenMark* litigation are common to both the Debtor and Mr. Fessenden. If the Debtors employees and its President are forced to come together to expend resources and defend the lawsuits, it will be as if no stay is in effect, for either the Debtor or Mr. Fessenden, which will have adverse economic consequences for this estate. *See*, Tyacke Decl., ¶ 9. *See*, *Queenie, LTD. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. N.Y. 2003) ("the automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate."). Such will be the case here.

MOTION FOR ORDER AUTHORIZING
EXTENSION OF STAY TO OFFICERS OF DEBTOR - 6
HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Finally, there exist the "unusual circumstances" in which to justify an extension of the automatic stay to non-bankrupt, co-defendants, as contemplated in *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. Va. 1986). "An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case. To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute." *Id.* at 999. Here, Mr. Fessenden is entitled to indemnity by the Debtor. *See*, Tyacke Decl., ¶ 10.

Therefore, the automatic stay should be extended to Mr. Fessenden, the President of the Debtor, and the Debtor's principals, for a minimum of 180 days following the Petition Date to allow the Debtor to prepare, unhindered, its plan of reorganization and bankruptcy, generally. This type of discretionary stay is relative common. *See, e.g., Chord Associates, LLC, et al. v. ProTech 2003-D, LLC, et al.*, 2010 U.S. Dist. LEXIS 28465 (2010).

### III. CONCLUSION & PROPOSED ORDER

WHEREFORE, the Debtor respectfully requests entry of an order authorizing stay as to officers of the Debtor. A proposed Order consistent therewith is attached hereto as **Exhibit A**.

DATED this 8th day of November, 2013.

        Respectfully submitted,

        HACKER & WILLIG, INC., P.S.

        */s/Charles L. Butler, III*
        Arnold M. Willig, WSBA #20104
        Elizabeth H. Shea, WSBA #27189
        Charles L. Butler, III, WSBA #36893
        Attorneys for the Debtor

MOTION FOR ORDER AUTHORIZING
EXTENSION OF STAY TO OFFICERS OF DEBTOR - 7

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 13-19298-KAO    Doc 32    Filed 11/08/13    Ent. 11/08/13 16:46:04    Pg. 7 of 7