The Honorable Karen A. Overstreet
Chapter 11

Hearing Date:     December 6, 2013
Hearing Time:     9:30 AM
Location:         Courtroom 7206
Response Date:    November 27, 2013

Arnold M. Willig
Elizabeth H. Shea
Charles L. Butler, III
HACKER & WILLIG, INC., P.S.
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| In re: <br><br> NATURAL MOLECULAR TESTING CORPORATION, <br><br> Debtor. | No. 13-19298-KAO <br><br> **THE DEBTOR'S REPLY IN SUPPORT OF ITS MOTION FOR ORDER AUTHORIZING THE EXTENSION OF STAY AS TO THE OFFICERS OF THE DEBTOR** |

## I.  INTRODUCTION

Natural Molecular Testing Corporation, the debtor-in-possession (the "Debtor" or "Natural Molecular"), by and through its counsel, HACKER & WILLIG, INC., P.S., respectfully submits this Reply in support of its motion for an order authorizing the extension of the automatic stay to any action against the Debtor's officers and principals for a period of no less than 180 days following the filing of the petition herein.  [Dkt. #32]

## II.  EVIDENCE RELIED UPON

This Reply is supported by the prior filed Declaration of Keith Tyacke (the "Tyacke Decl.") [Dkt. # 33], and by the pleadings and files on record herein.

THE DEBTOR'S REPLY IN SUPPORT OF ITS
MOTION FOR ORDER AUTHORIZING
EXTENSION OF STAY TO OFFICERS OF DEBTOR - 1

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 13-19298-MLB    Doc 74    Filed 12/03/13    Ent. 12/03/13 16:20:34    Pg. 1 of 6

## III. REPLY

The Official Unsecured Creditors' Committee (the "Committee") objected to the Motion in late-filed briefing,[1] raising arguments that may be categorized generally as the Motion is "too early," "too broad," and that the Committee "needs more information." While the Debtor may agree to certain modifications of its proposed Order on the Motion, the Debtor is entitled to the relief requested. The Committee cannot at this time raise "claims" not yet available to it.[2]

### A. All Pending State Court Litigation Should Be Stayed.

The Committee does not appear to object to extension of the stay of the two lawsuits pending against Beau Fessenden, the Debtor's President and CEO: the *Genetic Pathways* litigation and the *GenMark* litigation. *See*, prior filed Tyacke Decl., ¶¶ 4-5 [Dkt. #33]. Thus, that aspect of the Motion should be granted.[3]

### B. The Committee is Unable to Raise Any Claims at this Time.

The Committee's request is premature. This bankruptcy case has been pending for less than six weeks, and, during that time and prior, the Debtor has diligently been evaluating its options and pursuing funds to allow it to pay creditors. Currently, the Debtor believes it will ultimately be able to pay all allowed unsecured claims in full from collection of its accounts receivable.

Before raising the "insider claims" contemplated in its objection, the Committee must first provide notice and an opportunity to object, and request the Court's permission to bring such claims. This would only be available to the Committee in the event the Debtor chose to

---

[1] Indeed, a request for appointment of counsel has not yet been filed.

[2] There is no urgency whatsoever with the Committee's objection/request here as there is no evidence of any kind to raise any "concern" that Mr. Fessenden is "disposing of, or hiding, assets." *See*, Objection, pg. 3.

[3] The Debtor shortly will be removing all pending litigation against the Debtor and/or Mr. Fessenden to this Bankruptcy Court, which will amount to seven (7) new adversary proceedings.

---

**THE DEBTOR'S REPLY IN SUPPORT OF ITS MOTION FOR ORDER AUTHORIZING EXTENSION OF STAY TO OFFICERS OF DEBTOR - 2**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

forego them.

The touchstone principle under the Code is that the right to pursue claims on behalf of a bankruptcy estate rests with the debtor. *See*, 11 U.S.C. § 1107. The debtor-in-possession holds these powers "in trust for the benefit of the creditors." *In re Martin Custom Made Tires Corp.*, 108 F.2d 172, 173 (2d Cir. 1939). Pursuant to the Code's reorganization scheme, it is within the debtor-in-possession's discretion to sue for the avoidance of a preference under 11 U.S.C. § 547, or for the avoidance of a fraudulent transfer as defined by 11 U.S.C. § 548. Thus, primary responsibility to collect the assets of the estate is given to the debtor-in-possession in order "to avoid confusion and a multiplicity of actions, and to expeditiously settle bankrupt estates[.]" *Gochenour v. Cleveland Terminals Bldg. Co.*, 118 F.2d 89, 95 (6th Cir. 1941).

The Code provides disparate forms of possible relief to creditors in cases where a debtor-in-possession <u>breaches its statutory duties</u>, the applicable relief here being that the creditors may petition the Court to compel the debtor-in-possession to act, or may petition the Court for leave to bring suit in the debtor's name and on behalf of all creditors. *See*, *In re Monsour Medical Center*, 5 B.R. 715, 718 (Bankr. W.D. Pa. 1980) (emphasis added); *see*, *e.g.*, *Trimble v. Woodhead*, 102 U.S. 647, 26 L. Ed. 290 (1880); *Gochenour*, 118 F.2d at 92-93; *Chatfield v. O'Dwyer*, 101 Fed. 797 (8th Cir. 1901); and *Casey v. Baker*, 212 Fed. 247 (S.D. N.Y. 1914). Importantly, **<u>a debtor's failure to bring suit must be unjustifiable before a creditors' committee will be permitted to act in its stead</u>**; express authority for a creditors' committee to bring suit is not found in the Bankruptcy Code. *Monsour*, 5 B.R. at 717. Creditors may be authorized to act, but only with the Court's consent, where the Debtor has **<u>unjustifiably failed</u>** to act, and where the creditor's desired act is "the most appropriate form of creditor protection under the circumstances." *See*, *Monsour*, 5 B.R. at 719 (emphasis added).

A debtor's decision whether to pursue such claims is subject to judicial review at the elevated standard of "**<u>abuse of discretion</u>**." *See*, *Monsour*, 5 B.R. at 718. This judicial

THE DEBTOR'S REPLY IN SUPPORT OF ITS
MOTION FOR ORDER AUTHORIZING
EXTENSION OF STAY TO OFFICERS OF DEBTOR - 3

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 13-19298-MLB    Doc 74    Filed 12/03/13    Ent. 12/03/13 16:20:34    Pg. 3 of 6

intervention is crucial, for resolution of the conflict between the creditor and the debtor requires a balancing of the competing interests to determine whether or not the debtor's failure to bring the action is unjustifiable and therefore constitutes an abuse of discretion. *See*, *In re Toledo Equipment Co., Inc.*, 35 B.R. 315, 319 (N.Ohio 1983). At such a hearing, the court can determine if the initiation of such an action at that time would forward the reorganization effort, or to the contrary, might be a detriment. *In re Curry & Sorensen*, 57 B.R. 824, 828 (B.A.P. 9th Cir. Cal. 1986). And, in every such instance, a motion is required.

Here, the Committee has filed no such motion and may not substitute its own judgment for the Debtor, absent the required showing and a Court order.

**C. The Debtor Was Solvent; Claims Will Be Paid**.

Without discussing this issue in great length, the facts will show that the Debtor was solvent at the time any and all distributions were made to Mr. Fessenden, and that all such distributions were in the ordinary course of the Debtor's ongoing business operation as a Subchapter S Corporation.

Further, the Debtor fully expects that the large scheduled accounts receivable and suspended Medicare payments will be collected, and that properly submitted and allowed unsecured claims will be paid in full during the course of this bankruptcy case. That said, many of the Debtor's largest creditors' claims are highly disputable in amount, and are in fact disputed. *See*, Petition [Dkt. #1]. This includes certain creditors on the Committee, whose objective seems to be to see the Debtor's business fail.

Also, it is quite premature to assess possible future claims against the Debtor's officers at this time, and, as stated herein, the Committee does not properly hold any such claims. It would be more prudent for the Committee to investigate such claims during the course of the requested 180-day period, and for the Court and the Debtor to review the initial scope and posture of the seven cases that are to be removed to this Bankruptcy Court.

As for the Committee's arguments regarding the meeting of creditors, Mr. Tyacke, who

**THE DEBTOR'S REPLY IN SUPPORT OF ITS MOTION FOR ORDER AUTHORIZING EXTENSION OF STAY TO OFFICERS OF DEBTOR - 4**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 13-19298-MLB    Doc 74    Filed 12/03/13    Ent. 12/03/13 16:20:34    Pg. 4 of 6

as Chief Financial Officer is best placed to testify as to the finances of the Debtor, answered all questions put to him for approximately two hours regarding the Debtor's finances. At the request of the U.S. Trustee's Office, Mr. Fessenden will be appearing on January 7, 2014, at the continued 341 Meeting to give additional testimony. Notably, the Committee did not even request the continuance of the 341 Meeting.

Further action against Mr. Fessenden or other of the Debtor's principals should be stayed for a period of 180 days following the Petition Date, with extension of such stay as to the Debtor's principals beyond this initial period by further Order of the Court.[4] That said, given the Committee's objection, the Debtor's prior proposed Order may be revised as follows:

- The extension of the automatic stay shall terminate upon the dismissal of this bankruptcy case, and may be modified upon further Order of the Court, upon motion by the Committee, after notice and an opportunity to object; and

- The following individuals are to be covered by the extension of the automatic stay: Beau Fessenden, President and CEO; Keith Tyacke, CFO; Chris Jacob, current General Counsel; Kenneth Webert, Vice President; Rob Rovig, former National Sales Director; Mark Haley, former Executive Vice President; Ken Wallace, former Director of Business Development and Marketing; Karthikeshwar Kasirajan, former Chief Medical Officer; and Nicholas Gunn, former General Counsel.

## IV. CONCLUSION & REVISED PROPOSED ORDER

Therefore, the Debtor respectfully requests that the Court enter an order authorizing extension of the stay to the Debtor's officers. A revised proposed Order consistent with the foregoing is attached hereto as **Exhibit A**.

///

---

[4] This 180-day period is reasonable given the two-year statute of limitations stated in 11 U.S.C. § 546(a)(1).

**THE DEBTOR'S REPLY IN SUPPORT OF ITS MOTION FOR ORDER AUTHORIZING EXTENSION OF STAY TO OFFICERS OF DEBTOR - 5**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 13-19298-MLB    Doc 74    Filed 12/03/13    Ent. 12/03/13 16:20:34    Pg. 5 of 6

1      DATED this 3rd day of December, 2013.

2                                                  Respectfully submitted,

3                                                  HACKER & WILLIG, INC., P.S.

4

5                                                  */s/Charles L. Butler, III*
                                                   Arnold M. Willig, WSBA #20104
6                                              Elizabeth H. Shea, WSBA #27189
7                                              Charles L. Butler, III, WSBA #36893
                                             Attorneys for the Debtor

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**THE DEBTOR'S REPLY IN SUPPORT OF ITS
MOTION FOR ORDER AUTHORIZING
EXTENSION OF STAY TO OFFICERS OF DEBTOR - 6**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935