Arnold M. Willig
Elizabeth H. Shea
Charles L. Butler, III
HACKER & WILLIG, INC., P.S.
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

The Honorable Karen A. Overstreet
Chapter 11

Hearing Date: January 17, 2014
Hearing Time: 9:30 AM
Location: Courtroom 7206
Response Date: January 10, 2014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| In re: | No. 13-19298-KAO |
|---|---|
| NATURAL MOLECULAR TESTING CORPORATION,<br><br>Debtor. | **MOTION FOR ORDER AUTHORIZING SALE OF DEBTOR'S EXCESS OFFICE FURNITURE AND OFFFICE EQUIPMENT** |

## I. INTRODUCTION & RELIEF REQUESTED

Natural Molecular Testing Corporation, the debtor-in-possession herein (the "Debtor" or "Natural Molecular"), by and through counsel, HACKER & WILLIG, INC., P.S., respectfully moves the Court for an order authorizing sale of Debtor's excess office furniture and office equipment.

This Motion is supported by the Declaration of Beau Fessenden (the "Fessenden Decl."), filed concurrently herewith, and by the pleadings and records on file herein.

## II. FACTUAL BACKGROUND

The Debtor commenced this Chapter 11 case on October 21, 2013 (the "Petition Date"). The Debtor is operating its business and managing its affairs as a debtor-in-

MOTION TO ALLOW SALE OF DEBTOR'S
OFFICE FURNITURE AND EQUIPMENT - 1

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 13-19298-KAO    Doc 109    Filed 12/24/13    Ent. 12/24/13 13:13:21    Pg. 1 of 3

possession under 11 U.S.C. §§ 1107 and 1108.  A summary of the Debtor's operations and the events leading to this Chapter 11 case are set forth in the prior-filed Declaration of Keith Tyacke dated October 22, 2013 [Dkt. #7].

Given the Debtor's recent downsizing and its intent to consolidate its office space, the Debtor is requesting authorization to sell its excess office furniture and office equipment so that it can avoid the costs of storage.

The Debtor seeks authority to sell office furniture and office equipment with relatively minimal value and would seek to use its business judgment with regard to the terms of sales. The Debtor estimates that no single piece has a fair market value in excess of $500.00.  A list of the office furniture and office equipment which the Debtor seeks to sell immediately is attached to the Fessenden Decl. as **Exhibit A**.  The original invoices identifying all furniture purchased from Ducky's are attached to the Fessenden Decl. as **Exhibit B**.  The Debtor will seek to sell the items at fair market value in order to avoid the costs of storage if its office space is reduced.  The Debtor also seeks authority to sell any of the furniture listed on Exhibit B under the same terms as described herein.  *See*, Fessenden Decl., ¶ 5.

The furniture at issue was all purchased from Ducky's, a used office furniture purveyor in Seattle.  The Debtor intends to sell the furniture back to Ducky's, or to another used office furniture dealer, for approximately 20% of its original purchase price, or to sell by way of Craigslist or other method if a higher price can be generated.  *See*, Fessenden Decl., ¶ 5. Included in the Ducky's purchase price are the Ducky's moving and transportation fees, which would save on applicable costs and expenses to the estate.

### III.  LEGAL AUTHORITY & ARGUMENT

The Debtor brings the present Motion under 11 U.S.C. § 363(b)(1), which allows the Debtor to sell property of the estate, outside of the ordinary course of business, following notice and a hearing.  There are no creditors with any security interests in the personal property that the Debtor seeks to sell.  Selling the furniture is in the best interest of the estate

MOTION TO ALLOW SALE OF DEBTOR'S
OFFICE FURNITURE AND EQUIPMENT - 2

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 13-19298-KAO    Doc 109    Filed 12/24/13    Ent. 12/24/13 13:13:21    Pg. 2 of 3

as it will save whatever costs of storage would otherwise be incurred once the Debtor has decreased its office space. The funds generated from the sale of excess office furniture and office equipment, though expected to be minimal, shall be used to fund ongoing operations and/or pay creditors.

In sum, the Debtor's Motion should be granted and the sale of its excess office furniture and office equipment be authorized.

## IV. CONCLUSION & PROPOSED ORDER

Therefore, the Debtor respectfully requests entry of an order authorizing sale of Debtor's excess office furniture and office equipment. A proposed Order consistent therewith is attached hereto as **Exhibit A**.

DATED this 24th day of December, 2013.

Respectfully submitted,

HACKER & WILLIG, INC., P.S.

*/s/ Charles L. Butler, III*
Arnold M. Willig, WSBA #20104
Elizabeth H. Shea, WSBA #27189
Charles L. Butler, III, WSBA #36893
Attorneys for the Debtor

MOTION TO ALLOW SALE OF DEBTOR'S
OFFICE FURNITURE AND EQUIPMENT - 3

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2500
Seattle, Washington 98101
Telephone (206) 340-1935

Case 13-19298-KAO    Doc 109    Filed 12/24/13    Ent. 12/24/13 13:13:21    Pg. 3 of 3