The Honorable Marc Barreca
Chapter 11
Hearing Date: December 19, 2014
Hearing Time: 9:30 a.m.
Hearing Location: Seattle, 7106
Response Date: Time of Hearing
[Request for Shortened Time Pending]

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATURAL MOLECULAR TESTING CORPORATION,<br><br>Debtor. | Case No. 13-19298-MLB<br><br>**EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR IN POSSESSION FINANCING** |

Mark Calvert, in his capacity as Chapter 11 trustee (the "Trustee) for Natural Molecular Testing Corporation ("NMTC" or "Debtor"), hereby moves this Court for an Order authorizing the Trustee to borrow up to $15,000 on a super priority administrative claim basis under 11 U.S.C. § 364(c)(1). This Motion is supported by the Supplemental Declaration of Mark Calvert in Support of Motion for Sale of Assets filed December 18, 2014 [Dkt. 459] ("Calvert Declaration"). In support of this Motion, the Trustee represents as follows:

EMERGENCY MOTION RE DIP
FINANCING – 1

115286-0001/LEGAL124509640.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 462    Filed 12/18/14    Ent. 12/18/14 20:51:10    Pg. 1 of 3

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND

2. On October 21, 2013 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. An Official Unsecured Creditors' Committee (the "Committee") has been appointed. The Trustee was appointed on September 29, 2014.

3. The Trustee inherited a case where (1) the Debtor's operations had ceased, (2) the Debtor's ability to participate in Medicare and Medicaid was suspended, (3) no lawsuits had been filed to collect private receivables, (4) the Debtor's lease was deemed rejected and its landlord had obtained relief from stay to evict the Debtor, and (5) there was effectively no cash.

4. The Debtor's landlord East Valley Petula, LLC and East Valley PFG (collectively, the "Landlord") was not willing to negotiate an extension or negotiate a new lease with a purchaser of the Debtor's assets to remain in place on a "turnkey basis." On November 26, 2014, the Landlord obtained a writ of restitution in King County Superior Court. On December 4, 2014, the Debtor's management was contacted by the King County Sheriff that all property needed to be removed by Tuesday, December 9.

5. On Friday, December 5, the Trustee filed an Emergency Motion to Enforce Automatic Stay and Turnover of Property and Relief from Prior Order Pursuant to F.R.C.P. 60(b). At a hearing on December 8, the Court ruled that the Debtor had until December 21, 2014 to remove all Property from the premises. The Trustee has been unable

EMERGENCY MOTION RE DIP
FINANCING– 2

115286-0001/LEGAL124509640.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 462    Filed 12/18/14    Ent. 12/18/14 20:51:10    Pg. 2 of 3

to find a buyer or other party willing to move the assets free of charge. The Trustee has hired a moving team to pack up and move the Debtor's assets from the Premises. However, the Trustee has no cash in the estate from which to pay the moving team.

6. The Trustee has no source of cash to pay for the relocation of the Debtor's assets, an expense that could cost up to $15,000. The Trustee's affiliated investment banking firm, Cascade Capital Group, LLC ("Cascade") is willing to advance the necessary funds, upon receiving a super-priority claim. As a matter of full disclosure, Cascade is owned by the Trustee and has been appointed as the Trustee's accountant in this case.

7. Cascade Capital is unwilling to advance these funds without a clear right to repayment and therefore will not accept an unsecured claim or administrative claim to be treated on a pro rata basis with other administrative creditors. Cascade Capital is only willing to advance funds if afforded a super-priority administrative claim pursuant to 11 U.S.C. § 364(c)(1). The loan is to be used for purposes that preserve valuable assets of the estate for the benefit of all administrative and unsecured creditors. Therefore, the Trustee seeks authority to borrow up to $15,000, as needed, from Cascade.

The Trustee believes that none of the provisions recited above or in the proposed order violate this Court's Guidelines for Cash Collateral and Financing Stipulations.

DATED: December 18, 2014     **PERKINS COIE LLP**

By: /s/ John S. Kaplan
John S. Kaplan, WSBA No. 23788
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Trustee Mark Calvert

EMERGENCY MOTION RE DIP FINANCING– 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

115286-0001/LEGAL124509640.1