**Below is the Order of the Court.**



Marc Barreca
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re | Case No. 13-19298-MLB |
| NATURAL MOLECULAR TESTING CORPORATION, | **ORDER APPROVING DEBTOR IN POSSESSION FINANCING** |
| Debtor. | |

THIS MATTER came before the Court on the motion of Mark Calvert, the Chapter 11 Trustee (the "Trustee") of Natural Molecular Testing Corporation (the "Debtor") for an order authorizing the Debtor to (a) borrow up to $15,000 from Acamar Investment, Inc. ("Lender"), (b) use such funds to pay the third party expenses that the estate is incurring in moving and storing the Debtor's assets and for additional insurance of the assets to the extent necessary, and (c) grant Lender a junior lien on the Debtor's equipment assets pursuant to Bankruptcy Code Section 364(c)(3). The Court, having reviewed the Motion,

**ORDER APPROVING DIP FINANCING** - 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

115286-0001.0020/LEGAL124518973.2

the Declaration of Mark Calvert, the argument of counsel and evidence presented at the hearing and other files and records herein, and now being fully advised in the premises,

NOW, THEREFORE, the Court finds as follows:

A. On October 21, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). On September 29, 2014, the Court entered an Ex Parte Order Approving Appointment of the Chapter 11 Trustee under which Mark Calvert was appointed as Trustee (Dkt #385).

B. This Court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334. Venue of this case is properly in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b), Sections 105(a) and 364 of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 4001.

C. The estate is unable to obtain unsecured credit allowable under §§ 364(b) or 503(b)(1) of the Bankruptcy Code.

D. Lender is prepared to make a loan in the amount of $15,000 to the Debtor, to allow the Debtor to pay the third party expenses that the estate is incurring in moving and storing the Debtor's assets, but only on the terms and conditions set forth in this Order.

E. Approving the financing contemplated by this Order in the amount and for the purposes set forth herein will preserve assets so they may be liquidated for the benefit of creditors, and is in the best interest of the Debtor's estate.

NOW THEREFORE, based on the findings of fact, it is hereby ORDERED as follows:

1. DIP Borrowing Authorization. Lender is authorized to immediately provide and the Debtor is immediately authorized to borrow and obtain a loan from Lender in the amount of $15,000 (the "DIP Loan"), in accordance with the terms of this Order and

**ORDER APPROVING DIP FINANCING** - 2

115286-0001.0020/LEGAL124518973.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 477    Filed 12/23/14    Ent. 12/23/14 14:44:08    Pg. 2 of 7

Promissory Note in the form attached hereto as Exhibit A.

2. <u>Performance of DIP Loan</u>.  The Debtor is authorized and directed to perform and comply with all the terms of this Order, which, shall constitute a valid, binding, enforceable obligation of the Debtor during this case, any subsequently converted case of the Debtor under Chapter 7 of the Bankruptcy Code, or after dismissal or reorganization of the Debtor's Chapter 11 case.  The Debtor is authorized and directed to execute such other documents and instruments as Lender may reasonably require as evidence of and for the protection of the obligations under the DIP Loan, so long as the terms and conditions of such documents and instruments are consistent with the provisions of this Order.

3. <u>Use of Loan Proceeds</u>.  The Trustee shall use the loan proceeds to pay the third party expenses that the estate is incurring in moving and storing the Debtor's assets and for related insurance expenses.

4. <u>Repayment Terms</u>.  The DIP Loan shall bear interest at the rate of 3% per month.  The Lender shall also receive a loan fee of $550.  The DIP Loan shall be paid in full by May 22, 2015.  It may be prepaid, in full or in part, without the prior written consent of Lender.  If the prepayment shall occur prior to March 22, 2014, Lender will be entitled to interest at 3% per month for 3 months.   Lender is hereby granted a lien in the Debtor's equipment assets pursuant to 11 U.S.C. § 364(c)(3), junior only to the limited lien afforded the Debtor's landlord in the Debtor's equipment for December rent and CAM.

5. <u>Conclusive Evidence of Obligations</u>.  The terms, conditions and covenants of this Order shall be sufficient and conclusive evidence of the DIP Loan between the Debtor and Lender.  The lien granted hereunder shall be deemed perfected without any further action or filing required by Lender.

6. <u>Default</u>.  If the Debtor defaults in any of its obligations hereunder,

**ORDER APPROVING DIP FINANCING** - 3

115286-0001.0020/LEGAL124518973.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 477    Filed 12/23/14    Ent. 12/23/14 14:44:08    Pg. 3 of 7

Lender may seek appropriate relief from the Court on 7 days' written notice to the Trustee.

7. <u>Binding Effect of Order</u>. The provisions hereof and the effect of any actions taken hereunder shall survive issuance and entry of any order (a) confirming any plan of reorganization or liquidation, (b) converting the Debtor's case to one under Chapter 7 of the Bankruptcy Code, or (c) dismissing the Debtor's case. The priority herein shall continue in this or any superseding case under the Bankruptcy Code, and maintain its priority as provided herein until satisfied and discharged.

8. <u>Good Faith</u>. The terms of the financing arrangements between the estate and Lender have been negotiated in good faith and any loans, advances or other financial accommodations which are made or caused to be made to the Debtor pursuant to this Order are deemed to have been made and provided in good faith as such term is used in Section 364(e) of the Bankruptcy Code and shall be entitled to full protection of Section 364(e) of the Bankruptcy Code should this Order or any provision herein be vacated, reversed or modified on appeal or otherwise.

9. <u>Effectiveness</u>. This Order and each of its terms shall be effective immediately upon entry by the Court and the automatic stay of judgment provisions of FRBP 8017(a) shall not apply.

// End of Order //

**ORDER APPROVING DIP FINANCING** - 4

115286-0001.0020/LEGAL124518973.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 477    Filed 12/23/14    Ent. 12/23/14 14:44:08    Pg. 4 of 7

Presented by:

**PERKINS COIE LLP**

By: /s/ John S. Kaplan
 John S. Kaplan, WSBA No. 23788

Attorneys for Mark Calvert, Chapter 11 Trustee

**ORDER APPROVING DIP FINANCING** - 5

115286-0001.0020/LEGAL124518973.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 477    Filed 12/23/14    Ent. 12/23/14 14:44:08    Pg. 5 of 7

# EXHIBIT A

Form of Promissory Note

**ORDER APPROVING DIP FINANCING** - 6

115286-0001.0020/LEGAL124518973.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 477    Filed 12/23/14    Ent. 12/23/14 14:44:08    Pg. 6 of 7

# PROMISSORY NOTE

$15,000								Seattle, Washington
								December 22, 2014

FOR VALUE RECEIVED, the undersigned promises to pay in lawful money of the United States to the order of The Van Maren Group at Seattle, Washington, or at such other place as the holder hereof from time to time may designate in writing, the principal sum of Fifteen Thousand Dollars ($15,000.00) with interest on the unpaid principal from the date hereof at the rate of three percent (3%) per month, together with a loan fee of $550.00.

This note shall accrue interest and be paid in full by May 22, 2015. This note may be prepaid, in full or in part, without the prior written consent of the holder hereof. If the prepayment shall occur prior to March 22, 2014, the holder will be entitled to interest at 3% per month for 3 months. This Note and the loan that it evidences are subject to approval by the U.S. Bankruptcy Court for the Western District of Washington. If Maker fails obtain the approval of such Court by December 24, 2014, then the funds will be returned to holder without interest.

The undersigned hereby waives presentment, demand for prepayment, notice of nonpayment and dishonor, protest of dishonor, notice of protest, and any and all lack of diligence and delays in the enforcement of the payment hereof.

If any suit or action is instituted on this note, or if it is placed in the hands of an attorney for collection, after any default in any payment, the undersigned promises and agrees to pay all costs of collection, including reasonable attorneys' fees, incurred by the holder thereof.

IN WITNESS WHEREOF, the undersigned have executed and delivered this note as of the day and year first written above.

						MARK CALVERT, solely in his capacity as
						Chapter 11 Trustee on behalf of Natural
						Molecular Technology Corporation


						_____
						Mark Calvert