UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>NATURAL MOLECULAR TESTING CORPORATION,<br><br>Debtor. | Case No. 13-19298-MLB<br><br>ORDER GRANTING SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS (YOURCODE) |

THIS MATTER came before the Court upon the motion of the Chapter 11 Trustee Mark Calvert for an Order Pursuant 11 USC §363 and Bankruptcy Rule 6004 Authorizing and Approving the Sale of the Debtor's Assets Outside of the Ordinary Course of Business for Approval of the Sale of Assets outside the Ordinary Course of Business (the "Sale Motion"). The Court has reviewed the Sale Motion, the Declaration of Mark Calvert in Support of Motion for Sale of Assets, the United States' Objection to the Sale Motion, the Committee's Opposition to the Sale Motion, the Declaration of Christopher M. Alston in

ORDER GRANTING TRUSTEE'S MOTION FOR
SALE OF ASSETS – 1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

115286-0001/LEGAL124444853.3

Support of the Committee's Opposition to the Sale Motion, the Purchaser's Modification of Term Sheet (the "Modification"), the Trustee's Update Regarding the Sale Motion, the Committee's Supplemental Response in Support of Opposition to the Sale Motion, the Supplemental Declaration of Mark Calvert in Support of Motion for Sale of Assets, United States' Supplemental Response in Support of Opposition to the Trustee's Motion for an Order Authorizing and Approving the Sale of Debtor's Assets Outside of the Ordinary Course of Business, the Trustee's Submission of Asset Purchase Agreement, the Declaration and Supplemental Declaration of Beau Fessenden, Committee's Second Supplemental Response in Support of Opposition to Trustee's Motion for Order Authorizing and Approving Sale of Debtor's Assets, United States' Second Supplemental Response in Support of Opposition to the Trustee's Motion for an Order Approving the Sale of the Debtor's Assets Outside of the Ordinary Course of Business, and the Trustee's Reply in Support of Motion for an Order Pursuant to U.S.C. §363 and Bankruptcy Rule 6004 Authorizing and Approving the Sale of the Debtor's Assets Outside of the Ordinary Course of Business, and has heard the argument of counsel on the record. All capitalized terms not otherwise defined herein shall have the meaning set forth in the Asset Purchase Agreement submitted by the Trustee on January 20, 2015, as may be amended by this Order (the "APA")

**THE COURT HERBY FINDS AS FOLLOWS:**

A.  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

ORDER GRANTING TRUSTEE'S MOTION FOR
SALE OF ASSETS – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

115286-0001/LEGAL124444853.3

B. This Court has jurisdiction over the Sale Motion and the Sale Transaction pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. The statutory predicates for the relief requested in the Sale Motion are Bankruptcy Code Sections 105 and 363 and Bankruptcy Rules 2002, 6004 and 9014.

D. Proper, timely, adequate, and sufficient notice of the Sale Motion have been provided by the Debtor in accordance with Sections 102(1) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, and 9014, the Local Bankruptcy Rules for the Western District of Washington. Such notice was good and sufficient and appropriate under the circumstances of this case. No other or further notice of the Sale Motion or of the entry of this Order is necessary or shall be required. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.

E. The Sale Motion sought to sell substantially all of the Debtor's operating assets to YOURCODE, INC. ("Purchaser"). One of the conditions precedent to such sale was the Purchaser negotiating a new lease with the Debtor's landlord. The Purchaser was unsuccessful in doing so. The Purchaser filed its Modification on December 16, 2014, indicating that Purchaser was only interested in purchasing certain intellectual property assets and a GMC Sierra truck.

F. The Trustee filed an Update Regarding the Sale Motion on December 17, 2014 indicating that the Trustee agreed to sell the Debtor's intellectual property assets to Purchaser pursuant to the terms set forth in the Modification filed by

ORDER GRANTING TRUSTEE'S MOTION FOR
SALE OF ASSETS – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

115286-0001/LEGAL124444853.3

Purchaser. At a hearing on December 19, 2014, the Court continued the hearing to January 16, 2015 and set intermediate deadlines.

G. On January 2, 2015, the Trustee filed a Submission of Asset Purchase Agreement, reflecting the terms under which Purchaser agreed to purchase specified assets from the Trustee.

H. The Court conditionally approved the sale pursuant to that Asset Purchase Agreement, subject to further revisions, on January 16, 2015. The Trustee now requests approval of the Asset Purchase Agreement in substantially the form attached hereto as Exhibit A. (the "APA").

I. The Assigned Assets to be transferred pursuant to the APA (the "Assets") constitute property of the Debtor's estate and title thereto is vested in the Debtor's estate within the meaning of § 541(a) of the Bankruptcy Code.

J. The Trustee has demonstrated a sufficient basis and compelling circumstances for it to sell the Assets under Section 363 of the Bankruptcy Code, and such action is an appropriate exercise of the Trustee's business judgment and in the best interests of the Debtor, the estate and the creditors. Such business reasons include, but are not limited to, the facts that (i) there is substantial risk of deterioration of the value of the Assets if the Sale is not consummated quickly; (ii) the APA constitutes the highest or best offer for the Assets; (iii) and unless the Sale is concluded as provided for in the Sale Motion and pursuant to the APA, potential creditor recoveries may be substantially diminished.

K. The Trustee marketed the Assets and conducted the marketing and sale process as set forth in the Sale Motion.

L. The Sale transaction has been negotiated by the Trustee and the Purchaser in good faith, at arms' length and without collusion. The terms and conditions of

ORDER GRANTING TRUSTEE'S MOTION FOR
SALE OF ASSETS – 4

115286-0001/LEGAL124444853.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 494-1    Filed 01/20/15    Ent. 01/20/15 10:59:25    Pg. 4 of 14

the APA, including the total consideration to be realized by the Debtor's estate pursuant to the APA, are fair and reasonable, and the Sale transaction is in the best interest of the Debtor, its creditors and its estate.

M. The Trustee and the Purchaser have not engaged in any conduct that would cause or permit the APA or the consummation of the Sale transactions to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

N. Sufficient evidence has been provided that the Purchaser is acting in good faith pursuant to Section 363(m) of the Bankruptcy Code in consummating the Sale transaction.

O. The Purchaser is therefore a "good faith purchaser" entitled to the full benefits and protections of Section 363(m) of the Bankruptcy Code with respect to the purchase and sale of the Assets.

P. The sale of the Assets to the Purchaser will be, as of the Closing, a legal, valid and effective transfer of such Assets, and will vest the Purchaser with all right, title and interest of the Debtor to the Assets free and clear of all liens (the "Liens), with such Liens to attach to the consideration to be received by the Debtor in the same priority and subject to the same defenses and avoidability, if any, as of the Closing. The Purchaser would not acquire the Assets if the sale thereof were not free and clear of all Liens. A sale of the Assets other than one free and clear of all Liens would adversely impact the Debtor's estate, and would yield substantially less value for the estate, with less certainty than the Sale. Therefore, the Sale is in the best interests of the Debtor, the estate and creditors, and all other parties in interest.

Q. The Debtor may sell and assign the Assets free and clear of all Liens, because, with respect to each creditor asserting a Lien, one or more of the standards set forth

ORDER GRANTING TRUSTEE'S MOTION FOR
SALE OF ASSETS – 5

115286-0001/LEGAL124444853.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 494-1    Filed 01/20/15    Ent. 01/20/15 10:59:25    Pg. 5 of 14

in Bankruptcy Code sections 363(f)(1)-(5) has been satisfied. Those holders of Liens who did not object or who withdrew their objections to the Sale are deemed to have consented to the Sale of the Assets to the Purchaser pursuant to Bankruptcy Code section 363(f)(2). The holders of Liens who did object, if any, fall within one or more of the other subsections of Bankruptcy Code section 363(f) and are adequately protected by having their Liens, if any, attach to the proceeds of the Sale ultimately attributable to the Assets in which such holders allege a Lien, in the same order of priority, with the same validity, force and effect that such holder had prior to the Sale, and subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

R. The Purchaser shall have no obligations with respect to any liabilities of the Debtor other than those liabilities expressly assumed (the "Assumed Liabilities").

S. The Sale transaction contemplated under the APA does not amount to a consolidation, merger or *de facto* merger of the Purchaser and the Debtor and/or the Debtor's estate; there is not substantial continuity between the Purchaser and the Debtor, there is no common identity between the Debtor and the Purchaser, there is no continuity of enterprise between the Debtor and the Purchaser, and the Purchaser is not a mere continuation of the Debtor or its estate. Accordingly, the Purchaser does not constitute a successor to the Debtor or its estate. Other than the Assumed Liabilities, the Purchaser shall have no obligations with respect to any liabilities of the Debtor.

T. The consummation of the Sale transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including without limitation Bankruptcy Code §§ 105(a), 363(b), 363(f), 363(m) and all of the applicable requirements of such sections have been or will be complied with in respect of the Sale as of

ORDER GRANTING TRUSTEE'S MOTION FOR
SALE OF ASSETS – 6

115286-0001/LEGAL124444853.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 494-1    Filed 01/20/15    Ent. 01/20/15 10:59:25    Pg. 6 of 14

the Closing, including Purchaser's indication of its compliance with the privacy provisions of § 363(b)(1).

U. The Sale of the Assets outside of a plan of reorganization pursuant to the APA neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtor. The Sale transaction does not constitute a *sub rosa* chapter 11 plan.

V. Time is of the essence. In order to maximize the value of the Debtor's assets, it is essential that the Sale of the Assets occur within the time constraints set forth in the APA. Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rule 6004(h).

W. The Sale transaction contemplated by the APA is in the best interests of the Debtor and its estate, its creditors, interest holders and all other parties in interest herein; and it is therefore,

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Sale Motion is GRANTED, subject to the terms and conditions contained herein.

2. All objections and responses to the Sale Motion that have not been overruled, withdrawn, waived, settled, continued, or resolved, and all reservations of rights included therein, are hereby overruled and denied.

3. Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with §102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014.

4. The Court's findings of fact and conclusions of law on the record are incorporated herein by reference.

ORDER GRANTING TRUSTEE'S MOTION FOR
SALE OF ASSETS – 7

115286-0001/LEGAL124444853.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 494-1    Filed 01/20/15    Ent. 01/20/15 10:59:25    Pg. 7 of 14

5. The APA and the Sale are hereby approved, and the Trustee is hereby authorized and empowered to enter into, and to perform its obligations under, the APA and to execute and perform such agreements or documents, and take such other actions as are necessary or desirable to effectuate the terms of the APA.

6. The Purchaser is hereby granted and is entitled to all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code. Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified or vacated by a subsequent order of this Bankruptcy Court or any other court, such reversal, modification or vacatur shall not affect the validity and enforceability of any sale, transfer or assignment under or pursuant to the APA, or any obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding any reversal, modification or vacatur shall be governed in all respects by the original provisions of this Order or the APA, as the case may be.

7. The Sale as approved by this Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

8. The Trustee is authorized and empowered, at the Closing, to fully perform under, consummate, and implement the terms of the APA together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the APA, this Order, and the Sale, and to take all further actions as may reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession any or all of the Assets, as may be necessary or appropriate to the performance of

ORDER GRANTING TRUSTEE'S MOTION FOR
SALE OF ASSETS – 8

115286-0001/LEGAL124444853.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 494-1    Filed 01/20/15    Ent. 01/20/15 10:59:25    Pg. 8 of 14

the Debtor's obligations as contemplated by the APA, without any further corporate action or orders of the Bankruptcy Court.

9. The Trustee is further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units, any and all certificates, agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by the APA, any related agreements and this Order, and all such other actions, filings, or recordings as may be required or as the Trustee may determine are necessary or appropriate.

10. Effective as of the Closing: (a) except as set forth herein, the sale and assignment of the Assets by the Trustee to the Purchaser shall constitute a legal, valid and effective transfer of the Assets notwithstanding any requirement for approval or consent by any person and vests the Purchaser with all right, title and interest of the Debtor in and to the Assets, free and clear of all Liens, pursuant to section 363(f) of the Bankruptcy Code, and (b) the assumption of any Assumed Liabilities by the Purchaser constitutes a legal, valid and effective delegation of any Assumed Liabilities to the Purchaser and divests the Debtor and its estate of all liability with respect to any Assumed Liabilities.

11. Except to the extent specifically provided in the APA, upon the Closing, the Trustee shall be, and hereby is, authorized and empowered, pursuant to sections 105, 363(b) and 363(f) of the Bankruptcy Code, to sell and assign the Assets to the Purchaser. The sale and assignment of the Assets to the Purchaser vests the Purchaser with all right, title and interest of the Debtor to the Assets free and clear of any and all Liens, Excluded Liabilities, and other liabilities, and whether imposed by agreement, understanding, law, equity or otherwise, with all such Liens to attach only to the proceeds of the Sale and assignment of the Assets with the same priority, validity, force, and effect as

ORDER GRANTING TRUSTEE'S MOTION FOR
SALE OF ASSETS – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

115286-0001/LEGAL124444853.3

they now have in or against the Assets.  The Sale Motion shall be deemed to provide sufficient notice as to the sale and assignment of the Assets free and clear of all Liens, Excluded Liabilities, and other liabilities.  Following the Closing, no holder of any Lien on the Assets may interfere with the Purchaser's use and enjoyment of the Assets based on or related to such Lien, or any actions that the Trustee or Debtor may take in this bankruptcy case and no interested party may take any action to prevent, interfere with or otherwise enjoin consummation of the Sale transaction.

12. The Purchaser has not assumed and is not otherwise obligated for any of the Debtor's liabilities other than the Assumed Liabilities and as otherwise set forth in the APA and this Order, and the Purchaser has not acquired any of the Excluded Assets (as defined in the APA).  Consequently, all persons and all holders of Liens or claims of any kind, including but not limited to claims related to product liability or personal injury, based upon or arising out of liabilities retained by the Debtor are hereby enjoined from taking any action against the Purchaser or the Assets, including asserting any setoff, right of subrogation or recoupment of any kind, to recover any Liens or claims of any kind including but not limited to claims related to product liability or personal injury, or on account of any liabilities of the Debtor other than Assumed Liabilities pursuant to the APA.  All persons holding or asserting any Lien on the Excluded Assets are hereby enjoined from asserting or prosecuting such Liens or cause of action against the Purchaser or the Assets for any liability associated with the Excluded Assets.  All persons holding or asserting any claims against Excluded Liabilities are hereby enjoined from asserting or prosecuting such claims or causes of action against the Purchaser or the Assets for any liability associated with the Excluded Liabilities.

ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

115286-0001/LEGAL124444853.3

Case 13-19298-MLB    Doc 494-1    Filed 01/20/15    Ent. 01/20/15 10:59:25    Pg. 10 of 14

13.     The provisions of this Order authorizing the sale and assignment of the Assets free and clear of Liens and the Excluded Liabilities, shall be self-executing, and neither the Debtor nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.

14.     Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA and this Order.

15.     All of the Debtor's interests in the Assets to be acquired by the Purchaser under the APA shall be, as of and upon the occurrence of the Closing, transferred to and vested in the Purchaser.

16.     The Purchaser is not and shall not be deemed a "successor" to the Debtor or its estate as a result of the consummation of the Sale contemplated by the APA or any other event occurring in the chapter 11 case under any theory of law or equity, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtor and/or its estate including, but not limited to, any bulk sales law, successor liability, liability or responsibility for any claim against the Debtor or against an insider of the Debtor, or similar liability except as otherwise expressly provided in the APA.  The sale and assignment of the Assets or the assumption and assignment of the Assumed Liabilities by the Purchaser and the Sale approved hereby, will not cause the Purchaser to be deemed a successor in any respect to the Debtor.

17.     This Order and the APA shall be binding upon, inure to the benefit of and govern the acts of all persons and entities, including without limitation, the Debtor, the Trustee and the Purchaser, their respective successors and permitted assigns, including,

ORDER GRANTING TRUSTEE'S MOTION FOR
SALE OF ASSETS – 11

115286-0001/LEGAL124444853.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 13-19298-MLB    Doc 494-1    Filed 01/20/15    Ent. 01/20/15 10:59:25    Pg. 11 of 14

without limitation, any trustee appointed in a chapter 7 case if this case is converted from chapter 11, all creditors of the Debtor (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Assets.

18. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted, to the extent necessary, without further order of this court to allow the Purchaser to deliver any notice provided for in the APA and allow the Purchaser to take any and all actions permitted under the APA in accordance with the terms and conditions thereof.

19. The Court makes no findings or order with respect to the assignability of any licensed intellectual property used by the Debtor that requires the consent of the licensor to assign, and the rights of any such licensor remain unaffected by this Order. The Purchaser shall bear all risk that any of the Assets may violate the rights of any such licensor.

20. This Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order and the APA in all respects and to decide any disputes concerning this Order, the APA, or the rights and duties of the parties hereunder or thereunder or any issues relating to the APA or this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Assets and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all Liens.

ORDER GRANTING TRUSTEE'S MOTION FOR
SALE OF ASSETS – 12

115286-0001/LEGAL124444853.3

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

// END OF ORDER //

Presented by:

**PERKINS COIE LLP**

By: /s/ John S. Kaplan
 John S. Kaplan, WSBA No. 23788
 JKaplan@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Trustee Mark Calvert


Approved as Form; Notice of Presentment Waived by:

**KARR TUTTLE CAMPBELL**

By: _____
 Diana K. Carey, WSBA No. 16239

Attorneys for YourCode, Inc.

**FOSTER PEPPER PLLC**

By: _____
 Christopher M. Alston, WSBA No. 18823
 Jane Pearson, WSBA No. 12785

Counsel for the Official Unsecured Creditors' Committee


**ANNETTE L. HAYES**
**ACTING UNITED STATES ATTORNEY**

By: _____
 Christina Fogg, WSBA No. 40159

ORDER GRANTING TRUSTEE'S MOTION FOR SALE OF ASSETS – 13

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

115286-0001/LEGAL124444853.3

# EXHIBIT A

ASSET PURCHASE AGREEMENT

.

ORDER GRANTING TRUSTEE'S MOTION FOR
SALE OF ASSETS – 14

115286-0001/LEGAL124444853.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000