**Below is the Order of the Court.**



**Marc Barreca
U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>NATURAL MOLECULAR TESTING CORPORATION,<br><br>Debtor. | Case No. 13-19298-MLB<br><br>ORDER AUTHORIZING SALE OF ROCHE EQUIPMENT OUTSIDE THE ORDINARY COURSE OF BUSINESS |

THIS MATTER came before the Court upon the motion of Mark Calvert, the Chapter 11 Trustee (the "Trustee") to Approve Sale of Roche Equipment Outside of the Ordinary Course of Business (the "Motion"). The Court has reviewed the Motion, the files and records in this case, and has heard the argument of counsel on the record.

ORDER GRANTING TRUSTEE'S MOTION TO SELL
ROCHE EQUIPMENT OUTSIDE ORDINARY
COURSE – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

115286-0001/LEGAL124808913.1

**NOW, THEREFORE, THE COURT HEREBY FINDS AS FOLLOWS:**

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicate for the relief requested in the Sale Motion are Bankruptcy Code Section 363.

C. Proper, timely, adequate, and sufficient notice of the Motion have been provided by the Trustee. No other or further notice of the Motion or of the entry of this Order is necessary or shall be required. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.

**Now, Therefore, it is Hereby ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Motion is GRANTED..

2. The Trustee is authorized to sell one MagNA Pure instrument to Atossa Genetics, Inc. for $50,000 payable in cash as soon as practicable after entry of this Order.

3. The Trustee is authorized to sell the other MagNA Pure instrument to MedTech National, Inc., or its assignee, which must have a minimum equity of $1,000,000 ("MedTech") in return for a promissory note (the "MedTech Note") in the amount of $50,000, bearing interest at the rate of 6% per annum, payable in monthly installments of $1,500 each from May 1, 2015 through May 1, 2018 and one payment of $242 due June 1, 2018. The MedTech Note shall be secured by a security agreement in favor of the Debtor and its bankruptcy estate. The MagNA Pure purchased by MedTech shall be deemed part of the "Acquired Assets" pursuant to the Asset Purchase Agreement between the Trustee and MedTech.

ORDER GRANTING TRUSTEE'S MOTION TO SELL
ROCHE EQUIPMENT OUTSIDE ORDINARY
COURSE – 2

115286-0001/LEGAL124808913.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 510    Filed 01/30/15    Ent. 01/30/15 15:30:35    Pg. 2 of 4

4. The sales of the Roche Equipment pursuant to this Order shall be free and clear of liens and encumbrances pursuant to Section 363(b) of the Bankruptcy Code. All liens on the equipment sold shall attach to the proceeds of the sale in order of priority.

5. The Trustee may make distributions to (1) Landlord East Valley Petula, LLC and East Valley PFG, and (2) post-petition lender Acamar Investments, Inc. on account of their undisputed secured claims from the proceeds of the Roche Equipment without further order of this Court. The remaining proceeds of the sales of the Roche Equipment shall be deemed unencumbered funds of the Debtor's estate.

6. Any purchaser of the Roche Equipment is hereby granted and is entitled to all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code. Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified or vacated by a subsequent order of this Bankruptcy Court or any other court, such reversal, modification or vacatur shall not affect the validity and enforceability of any sale, transfer or assignment under or pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding any reversal, modification or vacatur shall be governed in all respects by the original provisions of this Order.

7. The Court makes no findings or order with respect to the assignability of any licensed intellectual property used by the Debtor that requires the consent of the licensor to assign, and the rights of any such licensor remain unaffected by this Order, with the purchaser of the Roche Equipment bearing all risk that use of such assets may violate the rights of any such licensor.

// END OF ORDER //

ORDER GRANTING TRUSTEE'S MOTION TO SELL
ROCHE EQUIPMENT OUTSIDE ORDINARY
COURSE – 3

115286-0001/LEGAL124808913.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 510    Filed 01/30/15    Ent. 01/30/15 15:30:35    Pg. 3 of 4

Presented by:

**PERKINS COIE LLP**

By: /s/ John S. Kaplan
　　　John S. Kaplan, WSBA No. 23788
　　　JKaplan@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle WA 98101-3099
Telephone:　206.359.8000
Facsimile:　206.359.9000

Attorneys for Trustee Mark Calvert

ORDER GRANTING TRUSTEE'S MOTION TO SELL
ROCHE EQUIPMENT OUTSIDE ORDINARY
COURSE – 4

115286-0001/LEGAL124808913.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000