UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re:<br><br>NATURAL MOLECULAR TESTING CORPORATION,<br><br>Debtor. | No. 13-19298-MLB<br><br>Beau Fessenden's Supplemental Submission (per Court's Minute Order dated March 12, 2019) |

**A.** Except when expressly recognized by statute, recoupment is an equitable doctrine and the court must not reward inequitable conduct.

Under Washington law, unless based on a statute, recoupment is an equitable principle. *Seattle First Nat. Bank, N.A. v. Siebol*, 64 Wn. App. 401, 408, 824 P.2d 1252, 1256 (1992); *Tingvall v. U.S. Bank,* 199 Wn.App. 1011 (2017) (unpublished, non-binding – cited under GR 14.1). "It is a well established rule that an equitable remedy is an extraordinary, not ordinary form of relief. Henry L. McClintock, Handbook of the Principles of Equity § 22, at 47 (2d ed.1948). A court will grant equitable relief only when there is a showing that a party is entitled to a remedy and the remedy at law is

Fessenden's Supplemental Submission - 1

CFL LAW GROUP, LLP
1001 4TH AVENUE, SUITE 3900
SEATTLE, WASHINGTON 98154
(206) 292-8800

Case 13-19298-MLB    Doc 1084    Filed 03/25/19    Ent. 03/25/19 14:14:31    Pg. 1 of 6

inadequate." *Sorenson v. Pyeatt,* 158 Wash.2d at 531, 146 P.3d at 1176. "A court being asked to do equity should always consider whether the petitioning party has acted in bad faith or with unclean hands." In re GGW Brands, LLC, 2:13-BK-15130-SK, 2013 WL 6906375, at *26 (Bankr. C.D. Cal. Nov. 15, 2013). With respect to the Settlement Agreement, including the bungled sale of Normandy Park (fortunately saved by the court), the Trustee has failed to act in good faith and with clean hands; hence, the court should deny the Trustee an equitable remedy.

**B.**     The Estate waived its right to recoupment by agreeing not to execute on the judgment.

"A contractual provision which provides that a party waives the right to assert a setoff or counterclaim is rare; however, such a right may be waived." *Loader Leasing Corp. v. Kearns*, 83 F.R.D. 202, 203 (W.D. Pa. 1979). "In Georgia, the right of setoff, both at law and in equity, is preserved by statute. But this is a right which may be waived." *Solid Waste Mgmt. Auth. of Crisp Cty. v. Transwaste Servs., Inc.*, 247 Ga. App. 29, 30, 543 S.E.2d 98, 99 (2000). In paragraph two of the Settlement Agreement, the Trustee waived any right to recoupment. He did so by agreeing to not "enforce the judgment provided that Fessenden is performing all of his obligations pursuant to this Agreement." The essence of the Settlement Agreements was three acts called "Settlement Payments." The Trustee has now admitted that Mr. Fessenden completely complied with Settlement Payment no. 1 (amended tax returns) and Settlement Payment no. 3 (Normandy Park proceeds).

Fessenden's Supplemental Submission - 2

CFL LAW GROUP, LLP
1001 4TH AVENUE, SUITE 3900
SEATTLE, WASHINGTON 98154
(206) 292-8800

Case 13-19298-MLB    Doc 1084    Filed 03/25/19    Ent. 03/25/19 14:14:31    Pg. 2 of 6

Still, the trustee recently asserted that Mr. Fessenden did not comply with his obligations to sell Orondo. The Trustee's assertion is difficult to reconcile with the Estate's monthly financial reports and contradicts the Estate's representations made to Judge Coughenour. Yet the court appeared to request some additional argument on the manner in which paragraph 9 of the Settlement Agreement was to operate. First, the Orondo "Settlement Payment" was to be made contemporaneously with closing (which it was). Second, Fessenden's obligation was "to market the Orondo Residence for a sale that will result in Net Proceeds to the Trustee of not less than one million four hundred thousand dollars ($1,400,000), which shall be paid to the Trustee at closing as a settlement payment. The Estate's attorney admitted to the court during argument that Mr. Fessenden marketed the Orondo property to result in a sale for which the Estate would receive at least $1,400,000. The court expressed a concern: the agreement should not be interpreted in a manner that would have allowed Mr. Fessenden to sell Orondo for one dollar. But the agreement did not allow that to occur: Mr. Fessenden had previously given the Estate a deed of trust on Orondo. *See recitals,* p. 2. Thus, Mr. Fessenden could <u>not</u> sell Orondo without the Estate's approval and the Estate with full knowledge of the outstanding property taxes and expenses of sale, approved the sale. The May 31, 2017 date is of no consequence. Its only significance was that the Estate could have filed its deed in lieu of foreclosure on that date and had greater control over the sales process. Orondo closed on June 2, 2017, eliminating the need to file a deed in lieu.

Fessenden's Supplemental Submission - 3

CFL LAW GROUP, LLP
1001 4TH AVENUE, SUITE 3900
SEATTLE, WASHINGTON 98154
(206) 292-8800

**C.** The court should disregard the Trustee's attempt to introduce more evidence and determine appropriate action to enforce the court's authority.

At the recent hearing, while at counsel table, the Trustee attempted to interject unsworn testimony. The court sustained a prompt objection. Both during argument and when allowing Mr. Fessenden to submit this pleading, the court made clear that no further evidence was to be submitted. The Trustee disrespected the court's authority by disregarding the court's instructions. Without even bothering to seek leave, the Trustee filed a "Supplemental Declaration" (docket 1081). It is also rife with hearsay and contains matters for which the Trustee lacks personal knowledge.

But it is notable in two respects. Mr. Calvert testifies that he was personally involved in the negotiations of the settlement agreement and hence familiar with its terms. Moreover, Mr. Calvert attached an email he received in August 2016. The email discloses that $33,400 "in delinquent property taxes that go back almost three years" existed on the Orondo property. (Thus, Mr. Calvert knew, when he approved the Orondo sale, that the Net Proceeds to the Estate would be $33,400 lower than they otherwise would have.) After receiving this email, Mr. Calvert submitted sworn testimony in conjunction with the estate's motion to reform the deed. Mr. Calvert testified that he had "read the motion and agree with the factual statements contained therein." Dkt. 941, p. 1. One of the factual statements in the motion was "Fessenden defaulted on his obligations under the Settlement Agreement at a minimum by: …Failing to pay property taxes for the period of 2013 through 2017…" Dkt. 940, p. 4. The court is thoroughly familiar with the Settlement Agreement. Mr. Calvert's

Fessenden's Supplemental Submission - 4

CFL LAW GROUP, LLP
1001 4TH AVENUE, SUITE 3900
SEATTLE, WASHINGTON 98154
(206) 292-8800

Case 13-19298-MLB    Doc 1084    Filed 03/25/19    Ent. 03/25/19 14:14:31    Pg. 4 of 6

testimony is false because the "fact" in the motion is false. Mr. Calvert knew it was false and the Estate repeated this falsehood on numerous occasions. It is not "advocacy" to make patently untrue assertions and an untrue statement in sworn testimony can constitute perjury.

Another bankruptcy judge in this district has previously found Mr. Calvert's tesstimony to be not credible and a cause of "great concern." Case 10-17952-KAO, Dkt. 1122, p. 11 (6/14/2013) ("Although this Court finds…his conflicting testimony described above is of great concern to this Court.") The court went on to state that "Moss Adams has discredited the Trustee's testimony on this issue. Accordingly, while the Court will not disturb its ruling on contempt, the Court concludes that the Trustee should not be permitted to recovery any additional compensation." Dkt. 1122, p. 12.

Although a good starting point, a financial penalty alone may be insufficient to cause a change in what appears to be a pattern by this Trustee with respect to sworn testimony and compliance with the court's instructions and orders.

Respectfully submitted this 25th day of March, 2019.

> *By: s/ Lawrence R. Cock*
> Lawrence R. Cock, WSBA No. 20326
> Attorney for Beau Fessenden
> CFL LAW GROUP, LLP
> 1001 4th Avenue, Suite 3900
> Seattle, Washington 98154
> (206) 812-0836 phone
> Email: lrc@corrcronin.com
>
> *Attorneys for Beau R. Fessenden, individually and his marital community*

Fessenden's Supplemental Submission - 5

CFL LAW GROUP, LLP
1001 4TH AVENUE, SUITE 3900
SEATTLE, WASHINGTON 98154
(206) 292-8800

Case 13-19298-MLB    Doc 1084    Filed 03/25/19    Ent. 03/25/19 14:14:31    Pg. 5 of 6

# CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered E-Service Recipients:

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 25th day of March, 2019, at Seattle, Washington.

By: *s/Irina Kinyon*
Irina Kinyon, PP
CFL LAW GROUP, LLP
1001 4th Avenue, Suite 3900
Seattle, Washington 98154
(206) 292-8800 phone
ikinyon@corrcronin.com

Fessenden's Supplemental Submission - 6

CFL LAW GROUP, LLP
1001 4TH AVENUE, SUITE 3900
SEATTLE, WASHINGTON 98154
(206) 292-8800

Case 13-19298-MLB    Doc 1084    Filed 03/25/19    Ent. 03/25/19 14:14:31    Pg. 6 of 6