The Honorable Marc L. Barreca
Chapter 11
Hearing Date: May 2, 2019
Hearing Time: 9:30 a.m.
Response Date: April 25, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>NATURAL MOLECULAR TESTING CORPORATION,<br><br>Debtor. | Case No. 13-19298-MLB<br><br>TRUSTEE'S SECOND INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES |

Pursuant to 11 U.S.C. §§ 326 and 330 and Local Rule 2016, Chapter 11 Trustee Mark Calvert ("Applicant" or the "Trustee") hereby submits this application for interim compensation for professional services rendered and disbursements made from **July 1, 2017** through **March 31, 2019** (the "Second Interim Period"). For this period, Applicant requests approval of compensation in the total amount of $87,286 pursuant to the statutory cap of 11 U.S.C. § 326. In support of this application, Applicant submits the Declaration of Mark Calvert filed contemporaneously herewith (the "Calvert Declaration").

///

TRUSTEE'S SECOND INTERIM
APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES – 1
115286-0001/LEGAL143970088.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**CASE OVERVIEW**

Natural Molecular Testing Corporation ("NMTC" or the "Debtor") filed a voluntary petition initiating this case on October 21, 2013 (the "Petition Date"). An Official Unsecured Creditors' Committee (the "Committee") has been appointed. The Trustee was appointed on September 29, 2014.

The Trustee inherited a case where (1) the Debtor's operations had ceased, but the Debtor apparently still had active employees without a source of cash to pay them, (2) the Debtor's ability to participate in Medicare and Medicaid was suspended, (3) the Debtor's lease was deemed rejected and its landlord had obtained relief from stay to evict the Debtor, and (4) there was effectively no cash.

The Debtor's landlord East Valley Petula, LLC and East Valley PFG (collectively, the "Landlord") was not willing to negotiate an extension or negotiate a new lease with a purchaser of the Debtor's assets to remain in place on a "turnkey" basis. The Landlord began eviction proceedings, and the Trustee was to dismantle the Debtor's lab and move the Debtor's property on an emergency basis in late December 2014, eliminating the chance for a going concern sale of the Debtor's assets.

At the time of the Trustee's appointment, the Debtor had incurred substantial legal fees, approaching $1,000,000, in litigating with the Centers for Medicare and Medicaid Services ("CMS") to attempt to re-start Medicare billing and receive payment of suspended receivables. The law firm of Mintz Levin, which had provided the healthcare expertise with respect to the Debtor's litigation with CMS, had moved to withdraw from the representation. Based on strong assessments on the merits from Mintz Levin, Hacker Willig, and the Debtor's management, the Trustee converted Hacker Willig to a contingency basis to continue to pursue the CMS litigation. However, as additional audit reports came in

TRUSTEE'S SECOND INTERIM
APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES – 2
115286-0001/LEGAL143970088.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 1086    Filed 04/11/19    Ent. 04/11/19 13:48:13    Pg. 2 of 6

supporting CMS's denials of claims, the Trustee concluded that he faced overwhelming evidence against the Debtor's position. The Trustee ultimately entered a settlement agreement with CMS, approved by this Court on August 18, 2015, which provided a large claim for CMS, but subordinated such claim to the first $1,000,000 to be distributed to unsecured creditors.

The Trustee sold some of the Debtor's physical assets for cash, and sold others in separate sales to MedTech National, Inc. ("MedTech") and YourCode, Inc. ("YourCode"). The Debtor negotiated and obtained approval of each of these sales. Approximately $220,000 in principal still remains outstanding on the promissory note executed by YourCode in connection with the sale (the "YourCode Note").

The Trustee filed approximately 35 adversary proceedings. These adversary proceedings were largely premised on the fact that the Debtor was actually insolvent for all relevant periods, since most of the cash the Debtor received and liberally spent was deemed to be incorrectly received and subject to clawback by CMS. The targets of the adversary proceedings generally fell into two broad categories. The first category was comprised of former officers, shareholders and/or highly-compensated employees who received seemingly overstated compensation in the forms of salary and/or dividends. The second was against third-party sales representatives who were paid large commissions by the Debtor, often based on receivables for which the Debtor never received payment and/or based on Medicare receivables which CMS sought to clawback as inappropriately paid. The Trustee has now litigated or settled all adversary proceedings to conclusion, although some potentially collectable default judgments remain outstanding.

Finally, the Trustee took over the litigation that had previously been commenced by the Committee against the Debtor's former CEO, Beau Fessenden. The Trustee brought a

TRUSTEE'S SECOND INTERIM
APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES – 3
115286-0001/LEGAL143970088.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 1086    Filed 04/11/19    Ent. 04/11/19 13:48:13    Pg. 3 of 6

follow-on suit, directed the litigation, and ultimately negotiated a settlement that was approved by this Court on September 16, 2016. The Fessenden settlement included the right to entry of a judgment for $3,500,000 and provided for marketing of two large homes in which the Debtor's estate was given first positions deeds of trust as security. The first of these homes, in Orondo, Washington, sold on or about June 2, 2017 for $1,400,000, from which the Trustee received a net payment, after selling costs and delinquent property taxes and HOA fees, of $1,242,621.89. The second of the homes, in Normandy Park, Washington, sold for net payment to the Trustee out of closing of $2,309,245. Final issues regarding remaining amounts owed by Fessenden are still being litigated before this Court.

The Trustee may be able to make a small distribution to unsecured creditors, depending on his ability to recover additional funds from several sources.

## FACTS

**1. Date of Appointment**

The Trustee was appointed by order entered September 29, 2014.

**2. Statement of Prior Compensation, Time, and Calculation of Cap**

The Trustee filed one prior application in this case, for the period through June 30, 2017, and received compensation in the amount of $78,444 pursuant to this Court's order of July 5, 2017 [Doc. 890]. The Trustee has provided 568.3 hours of services from appointment through March 31, 2019, for a total value of $255,735 at the Trustee's hourly rates. Calvert Decl., ¶ 3, Ex. A.

The Trustee has made distributions totaling $4,749,317. Calvert Decl., ¶ 4, Ex. B. Pursuant to the cap set forth in 11 U.S.C. § 326, the Trustee is therefore entitled to total compensation of $165,730 (including the $78,444 already paid), based on these

TRUSTEE'S SECOND INTERIM
APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES – 4
115286-0001/LEGAL143970088.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 1086    Filed 04/11/19    Ent. 04/11/19 13:48:13    Pg. 4 of 6

distributions, as calculated below.  These calculations yield a net amount due to the Trustee of $87,286.

| Min | Max | Rate | Fee |
|---|---|---|---|
| $0 | $5,000 | 25% | $1,250 |
| $5,001 | $45,000 | 10% | $4,000 |
| $45,001 | $1,000,000 | 5% | $47,750 |
| $1,000,001 | $4,749,317 | 3% | $112,480 |
| | **$4,749,317** | **3.49%** | **$165,730** |

3. **Source of Payment and Amount of Unencumbered Funds.**

The Trustee's most recent monthly operating report reflects a cash balance of $215,119.95 as of March 31, 2019.  The Trustee anticipates the ability to pay all administrative expense claims upon resolution of remaining assets in this case, including full recovery under the Fessenden settlement, the Kasirajan settlement, and other remaining litigation assets.

4. **Other Employed Professionals**

The Trustee has engaged Perkins Coie LLP ("Perkins Coie") as attorneys for the Trustee and has engaged Cascade Capital Group, LLC ("Cascade Capital") as accountants for the Trustee.  K&L Gates has been employed as special health care counsel to the Trustee as well as litigation counsel with respect to private insurance receivables.  Hacker & Willig was Debtor's counsel and was engaged by the Trustee for the limited purpose of pursuing the adversary proceeding against the Centers for Medicare and Medicaid Services, et al. Mintz Levin was healthcare counsel to the Debtor.  Foster Pepper has been counsel for the Creditors' Committee and was employed by the Trustee for the limited purpose of pursuing the estate's adversary proceeding against Beau Fessenden.  The Dawson Group PS has been

TRUSTEE'S SECOND INTERIM
APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES – 5
115286-0001/LEGAL143970088.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 13-19298-MLB    Doc 1086    Filed 04/11/19    Ent. 04/11/19 13:48:13    Pg. 5 of 6

engaged as tax accountant first for the Debtor in possession and then for the Trustee. Clark Nuber P.S. was employed as expert witness for the Trustee on solvency issues. Counsel in Atlanta and New Orleans has been employed for the limited purpose of collecting default judgments.

## CONCLUSION

WHEREFORE, based on the Calvert Declaration submitted with this application, the compensation requested is reasonable for actual and necessary services rendered by Applicant, and the request for reimbursement of costs is for actual and necessary expenses that were incurred for the benefit of the bankruptcy estate. Therefore, pursuant to 11 U.S.C. § 326, the application for the compensation and request for the reimbursement of expenses totaling **$87,286** should be approved and paid pro rata with other approved administrative expense claims in this case.

DATED: April 11, 2019                    **PERKINS COIE LLP**

By: /s/ John S. Kaplan
    John S. Kaplan, WSBA No. 23788
    JKaplan@perkinscoie.com
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone: 206.359.8000
    Facsimile: 206.359.9000

Attorneys for Trustee
MARK CALVERT

TRUSTEE'S SECOND INTERIM
APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES – 6
115286-0001/LEGAL143970088.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 13-19298-MLB    Doc 1086    Filed 04/11/19    Ent. 04/11/19 13:48:13    Pg. 6 of 6